MARCH 12, 1875. }          FALES *v.* CURRIER.

In a conveyance to an unmarried woman and her children, " children " is a word of purchase, and she takes a life estate with a remainder to her children.

Where such tenant for life and her assigns were committing waste, it was held that equity furnished the proper remedy for the persons in remainder.

IN EQUITY. The bill is as follows:

" George Fales, Joshua Blood, and Hannah Blood, wife of said Joshua Blood, all of Pepperell in the county of Middlesex, and Charles Wilson and Clara Wilson, wife of said Charles Wilson, both of Boston in the county of Suffolk, all of the commonwealth of Massachusetts, and John M. Barber, Mary M. Barber, wife of said John M. Barber, Hiram Barber and Lucy A. Barber, wife of said Hiram Barber, all of Canaan in the county of Grafton and state of New Hampshire, complain against John Currier, of said Canaan, and say, that one Joseph Bartlett, late of Canaan, now deceased, on the eighteenth day of January, A. D. 1818, conveyed by warranty deed in common form to one Polly Bartlett, a daughter of the said Joseph Bartlett, and to her ' children,' the following tract of land, situated in the town of Canaan aforesaid, bounded and described as follows, to wit,—' Bounded on the east line of said Bartlett's home farm, on the north side of the highway that leads from said Bartlett's to Dorchester, on the west side of the Gale land (so called), and to extend northerly far enough to contain fifty acres by measure, it being a part of the third division of the right of John

Trible grant in said Canaan;' that the said Mary M. Barber, Lucy A. Barber, George Fales, Hannah Blood, and Clara Wilson are the children of said Polly Bartlett; that subsequent to the date of said deed, the said Polly Bartlett married one Oren Fales, late of said Canaan, by whom the above named five children were born; that the said Polly Bartlett, now Polly Fales, widow of said Oren Fales, is still living, and that she, the said Polly, after the birth of said children above named, has conveyed the above described piece of land, her said husband, Oren Fales, joining with her, and that the same land has been from time to time conveyed, and is now held by said John Currier; that your complainants claim that said Polly Bartlett, now Polly Fales, took only a life estate in said land by virtue of said deed; that after her decease said land belongs to said children above named; that she nor her assigns can commit waste on said land. Your complainants further represent, that the said John Currier, without right or license from your complainants, has cut a large number of trees, to wit, fifty spruce trees and one hundred hemlock trees, and has peeled and carried away twenty cords of bark from said lot, and is now cutting hemlock trees and peeling the bark from the same, all of which are upon the lot aforesaid described.

" Wherefore the said complainants pray that the defendant may be restrained by the order and injunction of said court from committing further waste, from cutting the trees standing and growing upon said lot, and from taking the bark from the same; that an account may be taken of all trees the defendant wrongfully cut or destroyed, and for all bark taken and sold, or removed from said lot, for all timber cut, taken, and removed from said lot, as aforesaid, and the defendant ordered to make a reasonable compensation to the plaintiffs for all waste done, committed, or suffered by him on said premises, and for all damages occasioned thereto by his mismanagement or neglect, and for such other relief as may be just."

To this bill the defendant filed a demurrer setting up the following causes: " (1) The said Polly Bartlett, now Polly Fales, took a fee simple and not a life estate in the land described in the plaintiff's bill, and conveyed to her by the deed of the said Joseph Bartlett, dated January 18, 1818; (2) because by said bill no case is stated which entitles the plaintiffs to the relief prayed for or to any relief in a court of equity; (3) because the plaintiffs have a plain and adequate remedy at law; (4) because the said bill is informal, indefinite, uncertain, and insufficient."

The plaintiffs moved to amend their bill by inserting after the words " only a life estate in said land by virtue of said deed," the following words, to wit, " the said Joseph Bartlett," erasing the word " heirs " from said deed, and inserting in lieu thereof the word " children," intending to give to said Polly a life estate only.

*Murray,* for the plaintiffs.

*Pike & Blodgett,* for the defendant.

CUSHING, C. J. As both the plaintiffs and the defendant claim under the deed from Joseph Bartlett to Polly Bartlett, it may be that neither will seek to enforce the rule which makes the deed void by reason of the alteration.

It appears from the case, that after the demurrer was filed the plaintiffs moved to amend their bill so as to show that the alteration was made before the delivery of the deed; and I see no objection to this amendment being made.

In *Ross* v. *Adams*, 4 Dutch. 168, cited in 1 Washb. on Real Property 93, it was held that a grant to a married woman for life, and at her death to her children of her by her husband begotten, was by the law of New Jersey an estate tail in the wife, nor would it enlarge it to a fee although the covenants in the deed were to her and her heirs generally. Washb., vol. 2, p. 560, says,—" Thus, the words ' child or children ' are in their usual sense words of *purchase,* and are always so regarded unless the testator has unmistakably used them as descriptive of the extent of the estate given, and not to designate the donees. But they may be used as words of *limitation.*     *   *

" In a will a testator may use the word ' children ' as meaning *heirs of the body :* possibly a grantor may do this, but his intention must be clearly shown. Words of purchase will be treated as such until it has been unmistakably shown that the grantor designed to use them in a different sense." 2 Washb. on Real Property, book 2, ch. 4, sec. 8.

Assuming, then, that the alteration was fairly made, and that the conveyance is to Polly Bartlett and her *children,* she then having no children, the authorities above cited show that " children " is a word of purchase, and that Polly Bartlett took a life estate, with the remainder to her children as purchasers. Whether the children took a remainder in fee or a less estate need not now be determined. This being so, she could only convey an estate during her life, and the plaintiffs, who are her children, will be the owners of the land at her decease.

The authorities sufficiently show that Polly Bartlett being a tenant for life only, neither she nor her assigns can lawfully commit waste. The plaintiffs, therefore, have a right not only to recover damages for the waste already committed, but also to have an account of the proceeds, and an injunction to restrain further waste. It is difficult to see how the plaintiffs could have any remedy excepting in equity. They have not a right to the immediate possession of the property, or the immediate possession of the avails of the sales of timber from the lot. They also have need of an account, which can only be had in equity, and an injunction.

LADD, J. The word " children " is a word of purchase, as much as would be the word parents or brothers. If there had been children living at the time of the grant, they would probably have taken as tenants in common with their mother; but as there were then no children, the true construction of the deed seems to be that Polly Bartlett took an estate for life, with remainder to the children. *Paine* v. *Wagner,* 12 Sim. 184.

In the recent case of *Cole* v. *The Lake Company*, 54 N. H. 242, it was held that in this state a fee might pass by deed, where the language used, in its natural and popular signification, unmistakably showed that such was the intention of the grantor, although the word " heirs " might be wanting ; but nothing was said in that case giving countenance to the idea that when there is no latent ambiguity the intention of the parties can be obtained from any other source except the deed, or that any of the established rules for the construction of written instruments were relaxed or changed. The technical word " heirs," as used in deeds, has a well ascertained and purely technical sense, and is a convenient word to show that the intention was to pass a fee. Its legal interpretation and effect, when thus used, were not questioned in the case referred to ; much less is there anything in that case to indicate that other words of limitation may be disregarded, or given an effect to defeat the intention of the grantor which they were employed to express.

What bearing the views expressed in *Cole* v. *The Lake Company* may have on the question whether these plaintiffs by the deed take a remainder in fee or for life we need not now inquire, because that question is not raised by the demurrer.

In this view the proposed amendment seems to be immaterial. There seems to be no objection, however, to its allowance ; and it will be incumbent on the plaintiffs at the hearing to show that the erasure was made before the execution of the deed. I think the demurrer must be overruled.

SMITH, J. In the absence of evidence or circumstances from which an inference can be drawn as to the time when the alteration was made in this deed, it is incumbent on the plaintiffs to show that it was done before its execution. *Burnham* v. *Ager*, 35 N. H. 351 ; *Humphreys* v. *Guillow*, 13 N. H. 385.

There are but two ways of acquiring real estate,—one by descent, and the other by purchase. If one does not take as heir, he takes by purchase, no matter how he acquires his title. 1 Washb. R. P., ch. 4, sec. 43, n. 1. That the word " children," in the deed under which the parties claim, is a word of purchase, there being no children born at the time of its execution, seems to be well settled by the authorities cited by my brothers CUSHING and LADD. Polly Bartlett, then, took an estate for life, remainder to her children ; but whether for life or in fee does not now arise.

*Demurrer overruled.*